Case 4:22-cv-03438   Document 52   Filed on 02/24/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IMABONG EDET OKOKON, §<br>    *Plaintiff*, §<br>   §<br>v. §<br>   §<br>COSTCO WHOLESALE CORPORATION, §<br>    *Defendant.* § | CIVIL ACTION NO. 4:22-cv-3438 |

# SUMMARY JUDGMENT OPINION AND ORDER

This personal injury case is before the Court on Costco's Motion for Summary Judgment. ECF 38.[1]  Having reviewed the parties' submission and the law, the Court recommends that Defendant's motion be granted in part and denied in part.[2] Plaintiff's premises liability claim remains set for a jury trial beginning on March 24, 2025.

## I.    Background

Plaintiff alleges that she suffered injuries on February 9, 2021 at the Costco warehouse at 17520 Southwest Freeway, Sugar Land, Texas 77479.  It was raining that morning and Plaintiff alleges that just after she entered the doorway she slipped on water that had been tracked into the store.  Plaintiff initiated this case by filing an

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including final judgment.  ECF 10.
[2] The Court has reviewed and considered all arguments and issues raised by the parties, whether or not explicitly addressed herein.

Original Petition in state court on August 29, 2022, asserting premises liability and negligent undertaking causes of action. ECF 1-1 at 2-6. Defendants removed the case to federal court based on the diversity of the parties. ECF 1 at 2. Defendant's Motion for Summary is ripe for determination.

## II.     Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC*

*v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

Furthermore, where the summary judgment record includes relevant video footage, the Court need not draw inferences in the nonmoving party's favor if doing so would contradict the video evidence. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding that the Court of Appeals should not have viewed the facts in the light favorable to the nonmovant where the nonmovant's version was discredited by video evidence); *Woods et al. v. Harris Cty.*, No. 22-20482, 2024 WL 1174185, at *2 (5th Cir. Mar. 19, 2024) (stating "Although we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene."). Thus, the Court may rely on the video footage at the summary judgment stage.

### III. Analysis

Plaintiff's Original Petition seeks to recover from Costco based on the theories

of premises liability and negligent undertaking. ECF 1-1 at 2-6. Defendant moves for summary judgment on both. In Reply, Defendant objects to the testimony of Plaintiff's expert. ECF 48. Plaintiff moves to strike the reply, or for leave to file a Surreply. ECF 49. The Court first addresses the evidentiary objection.

### A. Defendant's objections to the testimony of Russell J. Kendzoir are overruled.

Plaintiff designated Russell J. Kendzior as an expert "to testify as to the safety and policies of slip and fall . . . based upon industry practices and his training, knowledge, education, and experience." ECF 43 at 7. Plaintiff presents portions of Kendzior's deposition testimony in her Response to Defendant's Motion for Summary Judgment. *See* ECF 47 at 9-10, 13, 14, 18. Defendant objects to his testimony on grounds that it is biased, speculative, and non-responsive to the question asked at the deposition. ECF 48 at 6-9.

Defendant's objections go to the weight of the expert testimony rather than its admissibility for summary judgment purposes. Furthermore, the Court cites Kendzior's testimony only once for the uncontroversial opinion that grippy mats are often used to prevent slips. *See infra* at 10. In sum, Kendzior's testimony is not necessary to the Court's ruling and Defendant's objections are overruled for purposes of summary judgment. Because the Court overrules Defendant's objections, Plaintiff's request to file a surreply is denied as moot.

## B. Defendant is entitled to judgment as a matter of law on Plaintiff's negligent undertaking claim.

A person injured on another's property may bring *either* a negligence claim or a premises-liability claim against the property owner. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (emphasis added). Negligence principles apply when the injury results from a "contemporaneous, negligent activity on the property," and premises liability principles apply when the injury results from "the property's condition." *Id.* "[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015).

Plaintiff's negligent undertaking claim is based on her allegation that Defendant negligently undertook to provide services to Plaintiff by not maintaining a safe premises. ECF 1-1 at 4. The Original Petition does not allege a *contemporaneous, negligent activity* at the Costco store at the time of her injury. She alleges she was injured by a condition on the premises—"the liquid substance upon which Plaintiff slipped and fell." *Id.* Texas courts have consistently treated "slip/trip-and-fall" cases as premises liability cases. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017); *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014), *certified question answered*, 465 S.W.3d 193 (Tex. 2015) (explaining that Texas courts have generally found slip and fall cases to be based on

a premises defect, rather than negligence, theory of recovery).

Plaintiff concedes in her Response that her negligent undertaking theory "is based on the same facts . . . [as] her premises liability cause of action." ECF 47 at 17. Under Texas Supreme Court authority this alone is fatal to her negligent undertaking theory. *Occidental Chem. Corp.*, 478 S.W.3d at 644 (holding a plaintiff may have *either* a negligence claim or a premises-liability claim). Further, Plaintiff's argument that Defendant was negligent in training its employees and having procedures in place does not save her negligent undertaking claim because these failures were not *contemporaneous* with her fall. For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's negligent undertaking claim is granted.

### C.   Defendant is not entitled to judgment as a matter of law on Plaintiff's premises liability claim.

To succeed on a premises liability claim, a plaintiff must prove that the defendant owed the plaintiff a duty of care, the defendant breached that duty, and the breach caused plaintiff's damages. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The existence of defendant's duty is a question of law. *Id.* The elements required to prove the existence of a duty in a premises liability claim are well-established:

> (1) actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) the condition posed an unreasonable risk of harm;

> (3) the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Walker v. Wal-Mart Stores, Inc.*, No. CV 13-1332, 2014 WL 12537084, at *3 (S.D. Tex. June 11, 2014) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). To prove actual or constructive knowledge of a condition on the premises, Plaintiff must prove either that Defendant knew the water was on the floor or that "it is more likely than not that the [water on the floor] existed long enough to give [Costco] a reasonable opportunity to discover it." *Olds v. Marmaxx Operating Corp.*, No. CIV.A. H-12-1265, 2013 WL 3899326, at *3 (S.D. Tex. July 26, 2013) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002)); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (reversing jury verdict and rendering judgment for Walmart because the circumstantial evidence supported "only the *possibility* that the dangerous condition existed long enough to give Walmart a reasonable opportunity to discover it." (emphasis in original)). To prove that a condition posed an unreasonable risk of harm, Plaintiff must show a "sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 556 (Tex. 2002) (citation omitted).

Costco argues it is entitled to summary judgment for two independent reasons.

First, Costco contends Plaintiff cannot prove that the water on the floor was an unreasonably dangerous condition. Second, Costco contends that Plaintiff cannot prove it had actual or constructive knowledge of the dangerous condition.

> **1. Plaintiff has met her burden to demonstrate a fact issue as to whether the rainwater tracked in by customers' shoes and carts posed an unreasonable risk of harm.**

The Court has reviewed the video evidence (Exhibit C to Defendant's Motion and Exhibit D to Plaintiff's Response). The video, at approximately minute 57:30, shows that Plaintiff slipped and fell on a substance on the floor at the entrance of the Costco store. Costco does not dispute that Plaintiff slipped on water that had been tracked in, but argues that, as a matter of law, the tracked-in-water cannot constitute an unreasonably dangerous condition. ECF 38 at 5 (citing *Spragins v. Jiffy Food Stores, Inc.*, 492 S.W.2d 719, 720 (Tex. Civ. App.—Fort Worth 1973, no writ) (holding that "a premise owner is not liable regardless of who tracked the water in unless the water has been allowed to collect excessively along with mud or some other foreign substance.") and *Camp v. J. H. Kirkpatrick Co.*, 250 S.W.2d 413, 418 (Tex. Civ. App.—San Antonio 1952, writ ref'd n.r.e.) (holding that "proof of a normal and natural condition during a moderate rain" is not proof of a hazardous condition)). Costco also cites *Hodge v. Quik-Pik Icehouse*, 445 S.W.2d 266, 267 (Tex. Civ. App.—San Antonio 1969, no writ), a case in which the court granted summary judgment in favor of the defendant, reasoning that wet footprints on the

floor were not proof of a dangerous condition. Costco also points out that the fact that Plaintiff slipped on tracked-in-water does not in itself demonstrate an unreasonable risk of harm. *Spragins,* 492 S.W.2d at 721.

Costco's citations to decades old case law do not warrant a finding that it is entitled to judgment as a matter of law in this case. *Hodge* differs from this case because that plaintiff testified "there were no foreign substances on the floor and that *there was no water on the floor*, but that she saw some 'tracks' on the floor." 445 S.W.2d at 267 (emphasis added). Also in *Hodge*, unlike this case, there was no evidence that a patron entered the store and tracked in water before the plaintiff entered, and there was no evidence the condition existed before the plaintiff entered the store. *Id.* *Spragins* and *Camp* were decided by instructed verdict and were decided based on the specific facts presented by the plaintiffs at trial regarding the nature of the hazard. More recently Texas courts have held that "the extent to which a condition is unreasonably dangerous is ordinarily a fact question." *Duncan v. First Texas Homes*, 464 S.W.3d 8, 18 (Tex. App.—Fort Worth 2015, pet. denied) (citing *Christus Health Se. Tex. v. Wilson*, 305 S.W.3d 392, 397 (Tex.App.–Eastland 2010, no pet.) and other cases). In some cases, "indoor wet floors can pose an unreasonably dangerous condition." *Vaculik v. Wal-Mart Stores Texas, LLC*, No. CV H-22-1613, 2023 WL 3184573, at *4 (S.D. Tex. May 1, 2023) (citation omitted). It is significant that Plaintiff slipped inside the store, "where an accumulation of

9

water would be unnatural." *Rooney v. Costco Wholesale Corp.*, No. 4:19-CV-04536, 2021 WL 5155677, at *3 (S.D. Tex. June 4, 2021) (citing *Wal-Mart Stores, Inc. v. Sparkman*, No. 02-13-00355-CV, 2014 WL 6997166, at *3 (Tex. App.– Fort Worth Dec. 11, 2014). "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, No. 02-13-00355-CV, 2014 WL 6997166, at *3.

Plaintiff has presented enough evidence to create a genuine issue of fact as to whether the condition on the floor of the Costco at the time she fell posed an unreasonable risk of harm. Plaintiff testified that it was raining the day she fell. ECF 47-1 at 4. The Costco employee monitoring the entrance, Kimberly Trojcak, testified that there was a "misty rain" when she opened the doors and customers were actively tracking in "a little bit" of water with their footsteps. ECF 47-3 at 14. Plaintiff's safety expert, Russell J. Kendzior, testified that a grippy floor mat is a tool retailers use to prevent slips and falls from moisture migrating into the facility during inclement weather. ECF 47-8 at 12. The video shows that there was no floor mat at the entrance to the store during the relevant period.

Furthermore, wet footprints, and wheel tracks are visible on the floor in varying degrees over the hour-long video. The wheels of a cart that entered the store shortly before Plaintiff left a visible trail of water which appears to be the substance on which Plaintiff slipped. Earlier, at approximately minute 6:22 of the video,

another customer appears to slip slightly when showing his membership card to the employee monitoring the entrance. At summary judgment, the evidence must be viewed in the light most favorable to the non-movant, and here the video can be interpreted to show some customers walked gingerly when entering the store as if unsure of their footing. *See, e.g.,* minute 4:08.

Plaintiff has presented sufficient summary judgment evidence to demonstrate that a reasonable jury could find that that the water being tracked into the store by the patrons, both immediately preceding Plaintiff's fall and for the hour prior to her fall, posed an unreasonable risk of harm. *See Duncan*, 464 S.W.3d at 18 (holding "the extent to which a condition is unreasonably dangerous is ordinarily a fact question"); *Galvan v. Fam. Dollar, Inc.*, No. 3:18-CV-00141, 2019 WL 5927664, at *2 (S.D. Tex. Nov. 12, 2019) (holding "it should be up to a jury to decide whether the sidewalk crack that was allegedly hidden from view created an unreasonable risk of harm").

> **2. Plaintiff has met her burden to demonstrate a fact issue as to whether Costco had actual or constructive knowledge of the dangerous condition.**

The Costco employee stationed at the entrance at the time of Plaintiff's fall, Kimberly Trojcak, was aware that customers were tracking water into the store on their feet and exercised her discretion not to mop the area or put out mats. ECF 47-3 at 14. She also testified that the water was quickly dissipating due to overhead

fans. *Id.* Thus, Costco argues that the conditions on the floor in the hour prior to Plaintiff's fall are irrelevant to Costco's actual or constructive knowledge of the specific condition that caused Plaintiff's fall—water that was tracked in twelve seconds before she slipped. ECF 38 at 11; ECF 48 at 2.

The Court's review demonstrates that water was tracked in repeatedly during the duration of the video. The fact that tracked-in water might soon evaporate does not protect a customer like Plaintiff, who happens to walk in before the water evaporates. The video demonstrates that the recurring water tracks from customers carts and shoes were visible to Trojcak from where she was standing. Viewing the evidence in the light most favorable to Plaintiff, Trojack appears to notice a customer slip at minute 6:22 of the video. Trojcak testified that she received training on how to handle spills and trips and that during her 10-year employment with Costco she has seen others slip and fall at the entrance, although she does not recall if those incidents involved water on the floor. ECF 47-3 at 7-8, 10-11. Review of the video reveals that the amount of water on the floor increased when multiple customers entered in a short period. *See, e.g.*, minutes 4:15, 7:55, 18:13, 23:01; 42:00; 56:30.

The factors of "proximity, conspicuity, and longevity" are relevant to the analysis of whether a defendant should be charged with constructive knowledge of a dangerous condition. *Heredia v. Wal-Mart Stores, Tex., LLC*, No. 13-16-00129-CV, 2017 WL 3184458, at *3 (Tex. App.—Corpus Christi-Edinburg July 27, 2017,

pet. denied). Plaintiff has presented evidence showing Costco's employee was in very close proximity to the visible condition of the floor at the time of the incident and for roughly an hour preceding it. With the video and Trojcak's testimony, Plaintiff has met her burden to demonstrate a fact issue as to whether Costco had actual or constructive knowledge of the dangerous condition on the floor at the time of Plaintiff's fall.

## IV. Conclusion and Recommendation

For the reasons discussed above, Defendant Costco's Motion for Summary Judgment (ECF 38) is GRANTED as to Plaintiff's negligent activity claim and DENIED as to Plaintiff's premises liability claim. Plaintiff's negligent activity claim is DISMISSED WITH PREJUDICE. Plaintiff's premises liability claim remains for trial.

Signed on February 24, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge